

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

February 11, 1939

Hon. I. Fredacki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-142
Re: Whether counties may seek re-
imbursement for half-costs paid
officers under law declared un-
constitutional.

This will acknowledge your letter of January 13, 1939. You ask our opinion as to whether the county can seek reimbursement for payments made officers under Chapter 486 of the General and Special Laws of the Forty-Fifth Legislature. In our opinion dated January 11, 1939, said act was held to be in contravention of section 35 of Article 3 of the Constitution.

Because of the importance and the far-reaching effects to all fee officers, we have made a careful study of the question.

It is true the maxim "Ignorance of the law excuses no one", is generally accepted. The argument has been made it should apply in the case of an unconstitutional statute for the reason such an act stands on the same basis as no law at all, but there are some exceptions.

One exception has been sanctioned to the effect that a ministerial officer has not the right to decide upon the constitutionality or unconstitutionality of an act passed with all the formality of law. It has been said to be the duty of such officers to execute and not to pass judgment on the law. Sec. 9, Tex. Jur. 458; Cassums vs. Botte, 34 Tex. 335 (holding an unconstitutional act regulating the collection of debts protected clerks of courts acting under it.)

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The correct rule is succinctly stated in Tex.
Jur.:

> "An officer who, without authority of
> law, collects taxes or excessive fees may
> be compelled to reimburse the persons from
> whom the money was received. But fees paid
> voluntarily and with full knowledge of the
> facts, though under a mistake of law, cannot
> under settled principles, be recovered."
> (34 Tex. Jur. 476; 32 Tex. Jur., 739; Airsh-
> field vs. Ft. Worth Natl. Bank. 83 Tex. 452,
> 18 S. 743; County of Galveston vs. Gorham,
> 49 Tex. 279, 303; City of Houston vs. Feeser,
> 76 Tex. 365, 13 S. 266.)

The Supreme Court of the United States in the
case of United States vs. Realty Company, 163 U. S. 427,
41 U. S. (L. Ed.) 215 held knowledge of the invalidity
of an act of Congress will not be imputed, in advance
of any authoritative declaration to that effect, to those
who are acting under its provisions, so as to preclude
them from having equities based on their reliance upon
the act.

It is our opinion the county would be precluded
from recovery under the circumstances here presented, and
you are so advised.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)
Benjamin Goodall
Assistant

BG:AW

APPROVED:

(Signed)

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS